UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHAVIS BUTLER, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:25-cv-03240-SEM |
| | ) |
| CHANCE WARNISHER *et al.*, | ) |
|     Defendants. | ) |

## ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Complaint (Doc. 1) filed under 42 U.S.C § 1983, and a Motion for Status (Doc. 7) filed by Plaintiff Chavise D. Butler, an inmate at Graham Correctional Center.

The Court concludes that Plaintiff's pleading states claims under the First and Fourth Amendments, which renders Plaintiff's Motion for Status moot.

### I. BACKGROUND

The Court takes judicial notice of Sangamon County cases 25CF797 and 25CF886. *See White v. Keely*, 814 F.3d 883, 886 (7th Cir. 2016) (stating that courts "may take judicial notice of public records, including public court documents").

On June 9, 2025, Plaintiff was charged in case 25CF797 with aggravated domestic battery and domestic battery that Plaintiff was alleged to have committed on May 30, 2025. On June 27, 2025, Plaintiff was charged with two additional counts of aggravated domestic battery in case 25CF797. On June 30, 2025, Plaintiff was charged in case 25CF886 of violating an order of protection on June 27, 2025. *See* Sangamon County Circuit Clerk Records Lookup, https://sangamoncountycircuitclerk.org/records/records-lookup/ (Name Search) (last visited January 6, 2024).

On October 23, 2025, Plaintiff pleaded guilty to domestic battery in case 25CF797 and violating an order of protection in case 25CF886. The remaining three counts of aggravated domestic battery in case 25CF797 were dismissed. That day, a state circuit court judge accepted Plaintiff's guilty pleas and sentenced him to two-year terms on each conviction to be served concurrently. (*Id.*)

## II. COMPLAINT

### A. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous,

malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* Upon reviewing the complaint, the court accepts the factual allegations as accurate, construing them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Factual Allegations

Plaintiff's pleading identifies Springfield Police Officers Phillips and Chance Warnisher, Nurse Roni Wampler, Corrections Officer B. Ferro, and Shawnna as Defendants.

Plaintiff asserts that on May 31, 2025, Defendant Wampler, a nurse employed at Springfield Memorial Hospital, falsely accused Plaintiff of a crime, which resulted in a police report authored by Defendant Phillips that Plaintiff also asserts is false.

Plaintiff contends that Defendant Warnisher conducted an unlawful arrest on June 6, 2025, during which Warnisher grabbed Plaintiff's genital area.

On July 2, 2025, Plaintiff attempted to call his appointed counsel, but Defendant Shawnna, a front desk receptionist at the Public Defender's Office, hung up on Plaintiff twice.

On August 15, 2025, Defendant Ferro, who was mad at another detainee, threatened Plaintiff's life with a taser because Plaintiff wrote a grievance against Ferro. (Pl. Comp., Doc 1 at 8-9.)

### C. Analysis

"To establish [a] § 1983 claim, [the plaintiff] must demonstrate that the individual defendants: (1) acted under the color of state law and (2) deprived him of a constitutional right." *Estate of Perry v. Wenzel*, 872 F.3d 439, 452 (7th Cir. 2017). "For an individual to act under color of law, there must be evidence of a concerted effort between a state actor and that individual." *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) (emphasis in original). "This is a high standard." *Whitlock v. Brueggemann*, 682 F.3d 567, 577 (7th Cir. 2012.

Plaintiff alleges that Defendant Wampler falsely accused Plaintiff of a crime, which resulted in a police report authored by Defendant Phillips that Plaintiff also claims is false. Despite Plaintiff's falsification claims, he provides no facts that establish or

permit the Court to infer that Wampler, a nurse employed by a private corporation, and Phillips, a police officer, engaged in a deliberate effort to deprive Plaintiff of his constitutional rights. *See Wilson v. Warren County*, 830 F.3d 464, 468 (7th Cir. 2016) ("For a private actor to act under color of state law he must have 'had a "meeting of the minds" and thus reached an understanding' with a state actor to deny plaintiffs a constitutional right.") (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158 (1970); *see also Hanania v. Loren-Maltese*, 212 F.3d 353, 356 (7th Cir. 2000) (requiring a showing of "a concerted effort between" a private actor and state actor and that a state actor and private actor "reached an understanding to deprive the plaintiff of her constitutional rights").

Furthermore, Plaintiff's conclusory assertion that Defendant Phillips drafted a false report does not constitute a plausible claim given the facts presented. Plaintiff establishes only that Phillips documented Defendant Wampler's account, which is insufficient absent an agreement as noted *supra.*

Similarly, Plaintiff's conclusory assertion that Defendant Warnisher conducted an unlawful arrest on June 6, 2025, without providing any facts that establish or permit the Court to infer such

a violation does not state a claim.

Plaintiff also does not state a claim against Defendant Shawnna, a front desk receptionist at the Public Defender's Office. Although the Seventh Circuit has held that an employee of an employer who has voluntarily assumed the obligation to fulfill an essential state function is a state actor for purposes of § 1983, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

The Court concludes that Plaintiff's account is sufficient to state a claim of excessive force under the Fourth Amendment against Defendant Warnisher for the force used to effect Plaintiff's arrest on June 6, 2025. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (concluding that a claim that a police officer used excessive force during an arrest, investigatory stop, or other seizure of a citizen is analyzed under the Fourth Amendment's reasonableness standard).

Plaintiff also states a First Amendment retaliation claim against Defendant Ferro. *See Daugherty v. Harrington*, 906 F.3d

606, 610 (7th Cir. 2018) ("To prevail on a First Amendment retaliation claim, [a plaintiff] must show: (1) he engaged in protected activity; (2) he suffered a deprivation likely to deter future protected activity; and (3) his protected activity was a motivating factor in the defendants' decision to retaliate.").

Plaintiff's Motion for Status (Doc. 7) is moot with the entry of the Court's Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Status (Doc. 7) is MOOT.**

2) **According to the Court's screening of Plaintiff's Complaint (Doc. 1) under 28 U.S.C. § 1915A, Plaintiff states a First Amendment retaliation claim against Defendant Ferro and a Fourth Amendment excessive force claim against Defendant Warnisher. Plaintiff's claim against Defendants proceeds in their individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

3) **The Clerk of the Court is DIRECTED to terminate Phillips, Shawnna, and Wampler as Defendants.**

4) **This case is now in the process of service. The Court recommends that Plaintiff wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

5) The Court will attempt service on Defendants by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendants have not filed their respective Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive deadlines.

6) If a defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be kept only by the Clerk and shall not be kept in the public docket nor disclosed by the Clerk.

7) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses proper under the Federal Rules. The Answer and later pleadings shall be to the issues and claims stated in this Order. An answer sets forth the Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Court. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery

requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will provide more detailed information about the discovery process.

9) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

11) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

12) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

13) The Court directs the Clerk to attempt service on Defendants under the standard procedures.

ENTERED January 8, 2026.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE